## Asher, et al. v. Mosley.

(Decided December 21, 1923.)

### Appeal from Leslie Circuit Court.

Estoppel—Plaintiff, in Action to Settle Estate, Estopped to Deny Title of Purchaser of Land.—Plaintiff, in action to settle an estate wherein certain land previously deeded to plaintiff was adjudged to be, and was sold, as the property of the decedent, at his instance, was estopped to set up his prior deed, which was not recorded, against purchasers at the sale.

J. M. BICKNELL for appellants.

LEWIS & LEWIS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

In May, 1893, John Hall a resident of Leslie county died intestate. Thereafter his brother, William Hall, qualified as his personal representative and later filed in the Leslie circuit court in that capacity his petition in equity against the widow, heirs and creditors of John Hall for a settlement of the estate. In his pleadings he alleged that the decedent had been the owner of large tracts of lands situated in Leslie county, which the plaintiff could not describe, and he further alleged that it would be necessary in order to pay the debts of the estate to sell

some portion of said lands, and have part of it set aside to the widow as dower.

Thereafter the court appointed a surveyor and two commissioners who were directed to locate and survey all the lands owned by John Hall, deceased, and to report the titles under which the same were held and to allot dower to the widow. The commissioners located and surveyed the lands of John Hall, being eight tracts in all, and set apart to the widow a dower tract. This report was subsequently approved by the court, and it in a judgment directed a sale of tract No. 2 embraced in the report of the commissioners, and tract No. 2 so ordered to be sold is shown in the report of the commissioners to have embraced what is known as the John Gilbert survey of 50 acres, and owned by John Hall. The sale was had on the 18th of November, 1896, when Robert Asher became the purchaser, and the report of sale was thereafter confirmed. Some time after this sale Robert Asher died, but before his death he had paid a large part of the purchase price, and after his death his widow and heirs paid the balance, and the court by an order directed the deed to be made to them, which was done on the 7th of April, 1898.

The widow and heirs of Robert Asher (he being a son-in-law of John Hall, deceased) were living upon the tract of land so purchased by Robert Asher at the time of the sale and at the time of the conveyance to them, and they continued to live upon the same and within the deeded boundary, at all times up to the bringing of this suit.

A short time before the filing of this action in June, 1920, appellee Mosley had been guilty of trespass within the deeded boundary, and this suit was brought by the purchasers at the decretal sale against Mosley to enjoin him from further trespass, and to quiet their title. The plaintiffs claim title under that deed, and by adverse possession as well.

By answer and counterclaim the defendant denied the title of the plaintiffs and asserted title in himself to the extent his described boundary laps upon that of the plaintiffs, and he, too, claims title by adverse possession. He likewise claims title under a deed from William Hall, who was the brother of John Hall, deceased, and who was his personal representative and as such the plaintiff in the action to settle John Hall's estate.

In a reply the plaintiffs; after controverting the affirmative mattter in the answer, affirmatively pleaded that defendant was claiming the land in controversy under a deed alleged to have been made by John Hall and his wife to William Hall in the year 1881, and which purports to convey to William Hall the land embraced in the John Gilbert patent. The plaintiffs then say if any such deed ever existed the same was in possession of William Hall when he qualified and acted as administrator of John Hall's estate, and when he instituted the equitable action to settle said John Hall's estate, and when at his instance, as such plaintiff, the tract of land in controversy was adjudged to be the property of John Hall, and ordered to be sold in that action to pay the debts of John Hall; that during the pendency of the suit to settle the estate of John Hall no suggestion was made by William Hall or any one for him that he was the owner of the land in controversy embraced in the Gilbert patent, and which was in that action ordered to be and was sold, and that if William Hall during that time had a deed from John Hall to the property in controversy he failed to assert title under same or notify the purchaser at the sale of same, or to have same recorded for more than a year after the sale and confirmation thereof, at which time a large part of the purchase price had been paid.

The issues were all made up and much evidence taken, and upon a submission the trial court dismissed the plaintiffs' petition and they have appealed.

The equitable action to settle John Hall's estate was filed by William Hall as administrator in June, 1894, and the judgment entered in that action directing a sale of the tract of land was entered in June, 1896, and the sale was had and confirmed in November, 1896, and it appears that before the 26th of November, 1897, when the alleged deed dated in 1881 from John Hall to William Hall, himself the plaintiff in that action, was first recorded, the very property now claimed to have been conveyed to him by the deed of 1881 was adjudged to be and was sold as the property of John Hall at his instance in that action. During all of that time, assuming the validity of the deed of 1881, William Hall, the plaintiff in that action, had in his possession a conveyance from John Hall to a part of the land sold at his instance in that action and failed to have the same recorded until a year after that sale was made and confirmed.

William Hall being a party to that action and in possession of the fact that it was adjudged to be and was sold as the property of John Hall, the duty devolved upon him to make known the fact that he had a conveyance for a part of that tract of land, and good faith upon his part toward the purchaser at that sale demanded such action from him.

A simple statement of the facts appears to make it a plain case of estoppel against William Hall and his vendee. Not only did he stand by and see the property sold as the property of another, but he was the active person in bringing about that sale, for he was the plaintiff in the action and set up the facts which authorized the court to enter the judgment of sale, and being in possession of the facts failed to make known, even by constructive notice, the fact of his alleged ownership until long after the sale, long after its confirmation, and until a large part of the consideration had been paid.

But even if there was no question of estoppel in this record, the evidence is entirely satisfactory that the plaintiffs claiming under that purchase had been in actual occupancy and possession of that deeded boundary, described by metes and bounds, for longer than the statutory period at the time of the institution of this action, and that during that time no other than they and their tenants had occupied any part of the deeded boundary.

The judgment is reversed with directions to enter a judgment as prayed for by the plaintiffs.